# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**KEVIN IMMEL,**
**#660654**                                                                                          **PLAINTIFF**

**V.**                              **CASE NO. 3:19-cv-221-KGB-BD**

**DOYLE RAMEY,** *et al*.                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.     Procedures for Filing Objections

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Any party may file objections with the Clerk of Court if they disagree with the findings or conclusions set out in the Recommendation. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.    Background

Plaintiff Kevin Immel, an Arkansas Division of Correction inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. Nos. 1, 2) Mr. Immel complains that he did not receive nutritionally adequate food while he was held in the Poinsett County Detention Center (Detention Center). (Doc. No. 2) Specifically, he complains that he was not provided sufficient portions.

Defendants Ramey and Rorex (Defendants) have now filed a motion for summary judgment. (Doc. No. 19) Mr. Immel has responded. (Doc. No. 23)

### III. Standard

Summary judgment means that the court rules in favor of a party without the need for a trial. The Defendants are entitled to summary judgment only if the evidence, viewed in the light most favorable to Mr. Immel, demonstrates that there is no genuine dispute about any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322B23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). If the Defendants come forward with that evidence, Mr. Immel must go beyond the pleadings and, by depositions, affidavits, or otherwise, show that there are specific facts that must be decided at a trial. Fed. R. Civ. P . 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")

### IV. Facts

Mr. Immel was held at the Detention Center from July 12, 2019, through September 14, 2019. (Doc. No. 20-1, p.1) During that time, he filed a number of grievances complaining that the food was not up to standards and did not provide him with substantial nutrition. (Doc. No. 20-1, pp.7, 9, 10, 11, 19, 29, 34) At no time, however, did Mr. Immel submit any grievances complaining about weight loss or make any medical requests complaining of any injury related to the meals or lack of food. (Doc. No. 20-1, pp. 4-55)

According to Defendant Rorex, the jail administrator, inmates at the Detention Center are served fresh, nutritional food with sufficient calories. (Doc. No. 20-1, p.2) All detainees are offered three meals at regular intervals each day, and food is served at the proper temperature and in quantities that provide an adequately balanced diet. (Doc. No. 20-1, p.86) Sedentary inmates receive meals with 2,300 calories a day; active inmates receive meals with 2,700 calories a day. (Doc. No. 20-1, p.2)

The menus for the meals provided at the Detention Center are reviewed once or more annually by a registered or certified dietician. (Doc. No. 20-1, p.86) Kyleigh Glass, a licensed Arkansas Dietician, reviewed the Detention Center menu for the years 2018 through 2020 and found that the menus were compliant with the guidelines of the Arkansas Criminal Detention Facility standards. (Doc. No. 20-1, p.56)

Defendant Rorex testified that Detention Center employees followed the food service policy; and dietician-approved menus were served throughout Mr. Immel's detention. (Doc. No. 20-1, p.2)

Mr. Immel responded to the motion for summary judgment, stating that he lost 23 pounds over the one-month period he was held in the Detention Center. (Doc. No. 23) He further alleges that he was taken to Doctor Houchin (not a named Defendant) several times while at the Detention Center, and that Dr. Houchin wrote a script requiring the Detention Center to double his food intake due to his weight loss. (Doc. No. 23) In one of the grievances he filed while at the Detention Center, Mr. Immel wrote that, "Dr. Houhin put me on a double tray script." (Doc. 20-1, p. 40) Defendant Ramey responded that that the kitchen had been informed. (Doc. 20-1, p. 40)

**V.**     **Analysis**

The failure to provide prisoners with nutritionally adequate meals is an Eighth Amendment violation. *Wishon v. Gammon*, 978 F.2d 446 (8th Cir.1992). To succeed on such a claim, however, a prisoner must show that "the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Id.*

A.    Official Capacity Claims

Mr. Immel's claims against the Defendants in their official capacities is, in effect, a claim against Poinsett County.[1] *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir.2010). Local governments are not generally liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, a county is liable for the acts of its employee only if the employee violates a plaintiff's rights by carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).

Here, Mr. Immel has not come forward with evidence to rebut the Defendants' evidence that Poinsett County's policy was constitutional. In other words, he has not come forward with any evidence to show that Poinsett County had an unconstitutional policy or custom that caused him harm.

---

[1] Mr. Immel has indicated that he is suing the Defendants in their official capacities only. (# 2) However, because he is *pro se*, the Court will construe his complaint as stating claims against the Defendants in both their official and individual capacities.

B. Individual Capacity Claims

The Defendants have offered proof that Mr. Immel was provided nutritionally adequate meals while he was held at the Detention Center. Mr. Immel has not offered sufficient evidence to refute the Defendants' proof. *See Frevert v. Ford Motor Co.,* 614 F.3d 466, 473-74 (8th Cir. 2010) (holding that, to avoid summary judgment, "the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor"). Even assuming Mr. Immel lost 23 pounds in one month and received a prescription for double food rations, that fact does not demonstrate that he was receiving nutritionally inadequate food or that the quantity of food he received was the cause of his weight loss.

In fact, Mr. Immel complained about multiple medical issues while at the Detention Center, including pain from wisdom teeth, a cyst that would not heal, pain due to some medical issue that he declined to disclose but claimed was serious, and internal bleeding. (Doc. No. 20-1, pp. 4-6, 25, 39, 41) There simply is no evidence that the food Defendants provided was a proximate cause of his weight loss.

VI. **Conclusion**

The Court recommends Defendants' motion for summary judgment (Doc. No. 19) be GRANTED and that this lawsuit be DISMISSED, with prejudice.

Dated this 25th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE